IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REEL PICTURE PRODUCTIONS, LLC                                    PLAINTIFF

    V.                              Civil No. 07-5066

THE BANK OF FAYETTEVILLE, et al.                                DEFENDANTS

### O R D E R

Currently before the Court is the **Motion to Dismiss (Doc. 4)** filed by the separate defendant, the Bank of Fayetteville. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiff, Reel Pictures Productions, LLC, brings this diversity action against:

    * the Bank of Fayetteville;

    * D. Frederick Shefte, a Senior Vice-President and Trust Officer of the Bank of Fayetteville;

    * Hannover House, Inc.; and

    * Eric Parkinson, the President and CEO of Hannover House.

2. Plaintiff alleges the following:

    * Plaintiff is in the business of disc replication, packaging and warehouse logistics.

    * Defendant Hannover House is in the business of production and distribution of feature films.

    * In 2006, plaintiff entered into a venture with Hannover House, whereby Hannover House would engage plaintiff to replicate

certain feature films on digital versatile discs, and then ship the copies directly to the purchaser.

   *   Plaintiff was concerned about the proposed payment structure of the venture, as it called for plaintiff to ship the order directly to the purchaser, but wait until the purchaser paid Hannover House before Hannover House paid the plaintiff.

   *   To resolve plaintiff's concerns, Hannover House proposed that, for each purchaser, the parties enter into a Lock Box & Services Agreement (hereinafter "Lock Box Agreement" or "Agreement") with the Bank of Fayetteville.  In February and March 2006, plaintiff, Hannover House and the Bank of Fayetteville entered into eight separate Lock Box Agreements.

   *   Pursuant to the Agreements, the Bank of Fayetteville would send invoices to the purchasers and all payments would be made to the Bank.  The Bank would then pay plaintiff on the first business day of each week.

   *   According to plaintiff, the Bank of Fayetteville breached the terms of the Agreements by:

   --   failing to properly invoice the purchasers;

   --   failing to keep accurate records of the funds received and distributed by the Bank;

   --   failing to advise plaintiff of invoices that became overdue; and

-- failing to pay the past-due invoices from Hannover House's accounts at the Bank, as required by the Agreements.

3. Plaintiff asserts breach of contract, breach of fiduciary duty, and negligence claims against the Bank of Fayetteville and the other defendants. Plaintiff seeks to recover $68,929.02 in damages for the unpaid invoices, together with attorney's fees, prejudgment interest, and its costs and expenses.

4. The Bank of Fayetteville moves to dismiss,[1] arguing that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000.00, as required by 28 U.S.C. § 1332(a).

Plaintiff responds that, because it has asserted a claim for breach of contract, attorney's fees may be awarded if it prevails, pursuant to Ark. Code Ann. § 16-22-308. Plaintiff also points out that the Lock Box Agreements themselves provide that, in the case of disputes arising under the Agreements, the prevailing party is entitled to recover attorney's fees. (Doc. 3 Exs. 1 - 8 ¶ 20.)

Attorney's fees are included in calculating the amount in controversy. See Capitol Indemnity Corp. V. Miles, 978 F.2d 437,

---

[1] The Bank of Fayetteville argues that the Court should treat the motion to dismiss as one for summary judgment because plaintiff submitted an affidavit in support of its response to the motion. In analyzing the matters at issue, the Court considered only the pleadings and found it unnecessary to consider the affidavit submitted by plaintiff. Accordingly, the Court will not analyze the motion to dismiss under summary judgment standards.

438 (8th Cir. 1992).  "[G]enerally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'"  Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994) (internal citation omitted).  In the case at bar, the Court cannot say "to a legal certainty" that plaintiff's claim for damages, including attorney's fees, is for less than $75,000.00.  Accordingly, the Court concludes that it has diversity jurisdiction over this matter.

    5.    Based on the foregoing, the Bank of Fayetteville's **Motion to Dismiss (Doc. 4)** is **DENIED**.

    IT IS SO ORDERED this 8th day of June 2007.

                                           /S/JIMM LARRY HENDREN
                                           JIMM LARRY HENDREN
                                           UNITED STATES DISTRICT JUDGE